UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-22028-CIV-BLOOM/VALLE

**LUIS SOLAR**, **TOMAS LAZARO GONZALEZ**,
**CARMEN RODRIGUEZ**, **REYNA SILVA ARANDA**,
**REINALDO SALAZAR**, **ANDRES MARTINEZ**,
**MARILYN CURBELO**, **ROBERTO BALTODANO**,
**LAZARO ACUNA**, **JORGE SOLAR**, **KEMEL SUAREZ**,
**JOHNNY GUTIERREZ**, **JESUS A. GONZALEZ**,
**PABLO BIANCHI**, **GABRIEL DOMINGUEZ**, and
**RAFEL SAAVEDRA**,

    Plaintiffs,

v.

**MINORITY MOBILE SYSTEM, INC.**,
**ITRANSPORT SERVICES, INC.**,
**ALEIDA COBO**, and
**JOANNE R. URQUIOLA**,

    Defendants.
_____/

## ORDER GRANTING/DENYING MOTION TO CERTIFY CLASS AND PERMISSION TO SEND COURT SUPERVISED NOTICE TO EMPLOYEES

THIS CAUSE came before the Court on Plaintiffs' Motion to Certify Class and Permission to Send Court Supervised Notice to Employees, ECF No. [6], filed June 26, 2014. The Court has carefully reviewed the Motion, the parties' briefs and supporting exhibits and the applicable law.

    **I.**    **Introduction**

Plaintiffs filed this action, for themselves and on behalf of a collective class, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleging that Defendants failed to pay overtime compensation. As Plaintiffs assert, Defendants Minority Mobile System, Inc. and Itransport Services, Inc. are transportation companies which provide drivers to transport passengers through the Miami-Dade County's Special Transportation Services ("STS"). The

Miami-Dade County's STS program is a paratransit service established to meet the needs of individuals with physical, mental or intellectual disabilities who cannot use accessible public transportation. Plaintiffs, drivers for the Defendant companies at various times from 2004 to the present day, filed this action for unpaid overtime and minimum wages on behalf of themselves and other similarly-situated current and former drivers of Defendants.

Plaintiffs explain that, while working, they received manifests every morning which indicated the time they were required to pick up and drop off passengers. Plaintiffs had to keep logs in these manifests and submit them to Defendants at the end of each workday. Plaintiffs explain that, while working, they received manifests every morning which indicated the time they were required to pick up and drop off passengers. Plaintiffs were paid at a per-passenger rate, regardless of whether the passenger was transported during the first 40 hours or during any hours worked above 40 hours.

Plaintiffs seek conditional certification of the following class of individuals: "all drivers which were employed by Defendants from May 6, 2011 through May 6, 2014 who were paid a fixed rate for each passenger they transported who were not paid overtime wages." Plaintiffs allege Defendants Minority Mobile System, Inc., and Itransport Services, Inc., had a policy to misclassify its drivers as independent contractors, resulting in the failure to pay class members overtime wages for hours worked more than forty hours per week. Plaintiffs explain that the putative class is expected to be at least 170 employees, including 60 to 70 drivers for each Defendant company, and 50 former drivers.

II.     **Legal Standard**

The FLSA provides that a plaintiff can bring a collective action on behalf of similarly situated employees who opt-in. *See* 29 U.S.C. § 216(b). *See also Anderson v. Cagle's, Inc.*, 488

F.3d 945, 950 n.3 (11th Cir. 2007). District courts have discretion to permit notice to other potential members of the plaintiff class, and "before determining to exercise such power . . . the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This is a "two-tiered procedure that recognizes distinct burdens at different stages of the litigation process." *Peña v. Handy Wash, Inc.*, __ F. Supp. 2d __, __, 2014 WL 2884559 at *3 (S.D. Fla. 2014) (citing *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003)).

The first stage is the notice stage, where the court makes a decision based on "only the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery." *Id.* After discovery is complete, the court will, upon motion for decertification by the defendant, engage in the second stage of analysis to determine whether the claimants are similarly situated and whether there are employees who would opt in if given notice. *See id.* at *4.

### III. Analysis

#### A. Evidence Employees Desire to Opt In

Plaintiff must show a reasonable basis for the existence of other potential opt-in plaintiffs. "The existence of just one other co-worker who desires to join in is sufficient to raise

the plaintiff's contention beyond one of pure speculation. . . . Courts in this district have conditionally certified classes with as few as two affidavits from potential plaintiffs." *Rojas v. Garda CL Se., Inc.*, 297 F.R.D. 669, 677 (S.D. Fla. 2013). "On the other hand, when plaintiffs provide no evidence in support of the existence of other employees who wish to opt in or when the only evidence is an unsworn statement from the plaintiffs' counsel . . . conditional certification is not proper." *Id.* (citing *Williams v. Imperial Hospitality Grp., Inc.*, 2010 WL 3943590, at *2 (S.D. Fla. 2010); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004)).

Here, twelve employees have filed notices of their consent to join as party plaintiffs, *see* ECF Nos. [7], [16], [24], [34], and Plaintiffs have provided six affidavits with the Motion indicating personal knowledge of an interest by other drivers to join this action. Defendants argue that Plaintiffs have not met this burden because the affidavits only state the interest of other drivers that have already joined the action. This argument fails, however, because the affidavits state that "[t]he drivers whom I am aware that wish to join this action *include* Jorge Solar, Johnny Gutierrez, Kemel Suarez, and Andres Martinez." ECF No. [6-1] at 5 (emphasis added). The affidavits do not state that these are the only drivers that wish to join the action, and the Court finds a reasonable basis for the existence of other potential opt-in plaintiffs. *See, e.g.*, ECF [6-2] at 3 ("I am aware there are other drivers who are employed by the Defendants who performed the same job as I do, as they also transport passengers for the Miami-Dade County's Special Transportation Services ('STS'). While I do not know the exact number of drivers the Defendants employ, I am aware that at any given time each Defendant employed anywhere from sixty to eighty drivers. In addition, during the last three years, the Defendants have employed at least fifty former drivers (whom have been replaced).").

## B. The Opt-in Employees Are Similarly Situated

"Regarding the 'similarly-situated' requirement, courts commonly consider five factors at the conditional-certification stage: (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decisionmaker; and (5) the degree to which the actions constituting the claimed violations are similar." *Peña*, __ F. Supp. 2d at __, 2014 WL 2884559 at *5 (citing *Rojas* , 297 F.R.D. at 677 (S.D. Fla. 2013)).

Here, Plaintiffs assert that (1) the employees are all drivers who performed the same driving duties; (2) the employees provided transportation services to passengers through Special Transportation Services for Miami-Dade County, Florida; (3) the alleged violations occurred between May 2011 and May 2014; and (4) the employees were subjected to the same policy of misclassification by two companies that were, as asserted, jointly managed by the same manager, operated from the same facilities, and assigned routes to drivers at both companies. *See* ECF No. [6-3] at 2. As to the fifth factor, Plaintiffs assert that the employees worked more than 40 hours per week, were provided a daily list of passengers to transport, were occasionally called during work hours to add additional passengers, and were paid a fixed rate per passenger. Where transporting passengers took longer than 40 hours per week, the employees were paid the same fixed rate. *See* ECF No. [6] at 8.

Defendants first argue that the basis upon which Plaintiff has made these assertions— affidavits submitted by several employees—are based on inadmissible hearsay, lack foundation, are not based on personal knowledge and contain legal conclusions. Defendants, however, do

5

not explain which statements in these affidavits pose these problems. Even if Defendants had made full, cogent arguments, these challenges are inappropriate at this stage of the litigation. *See Jewell v. Aaron's, Inc.*, Civil Action No. 1:12-CV-0563-AT, 2012 WL 2477039, at *5 n.6 ("on a motion for conditional certification courts in this Circuit apply a relaxed evidentiary standard . . . This approach is consistent with the purpose of conditional certification which is only a preliminary determination of whether there is a sufficient showing to warrant notice being sent to the purported collective class to allow members to opt-in to the lawsuit.") (citing cases).

Defendants also argue that denial of the Motion is merited because Plaintiffs have not shown that the companies are related. *See* ECF No. [14] at 6-7 (citing 29 C.F.R. § 791.2(a)). This argument is directed to the merits of the FLSA claim itself, which is an inappropriate inquiry at this stage of the litigation. Defendants have not raised this issue as a challenge to whether the employees of the Defendant companies were similarly situated—a determination which is part of the class certification inquiry. The inquiry of whether Defendants engaged in a joint employer relationship for purposes of 29 C.F.R. § 791.2(a) addresses the merits of the FLSA claim itself. *See Rojas*, 297 F.R.D. 669 (S.D. Fla. 2013) ("[T]he Court must avoid endorsing the merits of the case, it must likewise refrain from denying a motion for class certification on the basis that it believes that the plaintiff class will not succeed on the merits."). Plaintiff has provided enough to satisfy the "similarly situated" prong for purposes of class certification.

C. **The Proposed Class Notice**

Defendants challenge the notice Plaintiffs propose on a number of bases. First, Defendants argue that notice should only be sent to employees who were employed with two— not three—years from the filing of the Complaint because the statute of limitations for FLSA

actions is two years absent a willful violation, in which case the statute of limitations is three years. ECF No. [14] at 13 (citing 29 U.S.C. § 255(a); *Nunnery v. Groelle & Salmon, P.A.*, 2007 WL 781369 (M.D. Fla. 2007)). The Complaint contains alleges that "Defendants knew and/or showed reckless disregard of the provisions of the FLSA . . . [and] Defendants knew or should have known of the work performed by Plaintiff and of their obligation to pay overtime wages to Plaintiff." ECF No. [1-1] at 8. Plaintiffs have not provided any statement other than this allegation, which does not contain an allegation of willfulness. Even if it had, this conclusory allegation is insufficient. *See Rojas*, 297 F.R.D. at 679. Accordingly, Plaintiffs' notice should be limited to employees who are not barred by FLSA's two-year statute of limitations.

The Court agrees that paragraph 2 of the proposed notice merits revision. By the placement of the words, the provision "[t]he Class Representatives are drivers who claim Defendants did not pay them the required overtime wages" contains an implicit assumption that overtime wages were required. A clearer approach is to include: "the Class Representatives are drivers who claim that they worked overtime for which they were not compensated at an overtime rate." The notice shall be so amended.

The Court disagrees with Defendants' challenge to paragraph 5.[1] The phrases "this means you will give up your right to file your own lawsuit against Defendants as to any claims brought on behalf of the class," and "you will not share in any benefits received by that class" do not suggest that benefits are guaranteed, as Defendants suggest.

The Court agrees that inclusion of the phrase "if successful, it is possible that the Defendants could seek an award of costs and attorneys' fees against Plaintiffs" in paragraph 8 is necessary for potential class members to evaluate whether to join this matter as a party. The notice shall be so amended.

---

[1] The Court notes that there is no paragraph numbered "4" in the document.

7

The Court also agrees with Defendants' argument that language should be added at the bottom of paragraph 10 to include defense counsel's name and contact information and clarify options of retaining counsel. The notice shall be amended by inserting the following paragraph at the bottom of paragraph 10:

> Defendants are represented by Rodolfo Gomez with Allen, Norton & Blue, P.A., 121 Majorca Avenue, Coral Gables, Florida 33134. You may contact Rodolfo Gomez for more information regarding the facts of this case or the defenses raised. You also have the right to contact any other attorney regarding this matter.

The Court disagrees that including the language "the Court has taken no position regarding the merits of the Plaintiffs claim or of the Defendants' defenses" is necessary.

Finally, the Court finds that production of the names and addresses (only) of individuals within the putative class is warranted because the discovery is relevant and Defendants have shown no grounds to limit the discovery under the facts and circumstances of this case. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

### IV. Conclusion

Being fully advised, it is **ORDERED AND ADJUDGED** that

1. The Plaintiffs' Motion for Certification of Collective Action and Permission to Send Court Supervised Notice to Employees, **ECF No. [6]**, is **GRANTED IN PART**;

2. The parties are **ORDERED** to modify the Notice and Consent Form pursuant to Section III.C. of this Order and are directed to meet and confer and submit to the Court for approval (before mailing it to the class of potential opt-in plaintiffs conditionally certified pursuant to this Order) the revised language for the Notice and Consent Forms by **November 7, 2014**. Defendants are directed to furnish Plaintiffs on or before **November 7, 2014**, with the names and mailing addresses of all current or former drivers employed by Defendant companies who are not barred by the two-year statute of limitations;

3. Plaintiffs are required to file all Consents to Become Party Plaintiffs in this lawsuit within forty-five days of the Court's approval of their Notice and Consent Form;

4. Defendants are required to post the Notice and Opt-in Consent Forms in a conspicuous location, in each of Defendants' business offices where drivers are expected to frequent, for forty-five days, starting on the day after the Court's approval of their Notice and Consent Form;

5. Counsel for Plaintiff, Edilberto O. Marban, is hereby **APPOINTED** as Class Counsel.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of October, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record